```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ERIC LANTZ                                                    :
                                                              :
                              Plaintiff,                      :   FIRST AMENDED COMPLAINT
                                                              :
              -against-                                       :   15-CV-6543 (ERK)(LB)
                                                              :
POLICE OFFICERS CHRISTOPHER                                   :   JURY TRIAL DEMANDED
ALIKHAN, (shield no. 30060); MARTHA                           :
SZURNICKI; DAVID CRONEMEYER,                                  :
NICHOLAS GIGANTE, (tax no. 949025); and                       :
LT. THOMAS JACOBS (tax no. 925507),                           :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X
```

Plaintiff, **ERIC LANTZ**, by and through his attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1981, 1983 and 1988; and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2. Plaintiff's claims arise from an incident that took place on or about June 28, 2014, approximately 9:30pm, in Queens, New York during which members of the New York City Police Department ("NYPD") assaulted plaintiff and violated his constitutional rights by subjecting him to, among other things, excessive use of force, false arrest, falsification of evidence, failure to intervene, malicious abuse of process, and retaliatory arrest.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff ERIC LANTZ is a resident of Westchester County, New York State.

9. The plaintiff is a thirty-two year old male.

10. Defendants Police Officers ("POs") CHRISTOPHER ALIKHAN, (shield no. 30060); MARTHA SZURNICKI; DAVID CRONEMEYER; NICHOLAS GIGANTE; and LT. THOMAS JACOBS (TAX 925507) are, and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the City of New York ("CITY") and/or the NYPD, a municipal agency of the CITY.

11. Defendants Alikhan, Cronemeyer, Gigante, Jacobs and Szurnicki are, and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the CITY, were acting for, and on behalf of, and with the power and authority vested in them by the CITY and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. The defendant police officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

13. On June 28, 2014, approximately 9:30PM, plaintiff was accosted by members of the NYPD in Astoria, New York, near 32-19 Steinway Street.

14. Plaintiff had exited a local eating and drinking establishment and noted a strong police presence in the area (police had responded to an unrelated incident and there were many police present at the above time and place).

15. One of defendant officers (upon information and belief defendant Alikhan) told plaintiff he had to leave the area and plaintiff attempted to appeal to the officer verbally, asking him why he had to leave.

16. At that point, plaintiff was lifted up by two other defendant officers who then slammed plaintiff to the pavement face-first.

17. Immediately, defendants Alikhan, Cronemeyer, Gigante & Jacobs set upon plaintiff and repeatedly struck him with punches and kicks, before tightly handcuffing him and placing him in a police vehicle.

18. Plaintiff was transported to a local precinct where he was held for many hours.

19. On the way to the precinct and at the precinct, defendant officers repeatedly verbally abused plaintiff.

20. Plaintiff was held for many hours at the precinct and, later, at central booking before he was arraigned on a criminal court complaint.

21. Plaintiff was in custody for more than twenty hours before being released upon his own recognizance.

22. Defendant Szurnicki was, upon information and belief, the supervising officer who approved & ratified the false arrest of plaintiff.

23. Paperwork, including sworn supporting depositions that were verified by defendant Alikhan, were also signed by defendant Szurnicki.

24. Defendant Szurnicki thus endorsed and ratified the false allegations made by defendant Alikhan.

25. The complaint filed against plaintiff charged him with the crime of Resisting Arrest under New York Penal Law ("NYPL") § 205.30, a Class "A" misdemeanor, and two counts of the Violation of Disorderly Conduct, under NYPL §§ 240.20(1) and 240.20(6).

26. Plaintiff consented, at said arraignment, to an adjournment in contemplation of dismissal, under New York Criminal Procedure Law § 170.55, and the charges were thereafter dismissed in their entirety.

## **GENERAL ALLEGATIONS**

27. The individual defendant police officers acted in concert in committing the above-described acts against plaintiff.

28. Plaintiff did not resist arrest at any time during the above-described incidents.

29. Plaintiff did not engage in any violent, threatening or "tumultuous" behavior at any time during the above-described incidents.

30. Plaintiff was not involved in fisticuffs with any other persons.

31. Defendant police officers unlawfully stopped plaintiff, without reasonable cause that he had committed any crimes, exercised unlawful and excessive force against plaintiff, and illegally arrested plaintiff with no probable cause to believe that he had committed any crimes or violations, and signed false statements against plaintiff.

32. The individual defendant officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

33. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injury, pain and suffering, loss of liberty, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

34. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (EXCESSIVE/UNREASONABLE FORCE UNDER FEDERAL LAW))

35. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36. On the above incident date, defendant police officers' Alikhan, Cronemeyer, Gigante & Jacobs use of force upon plaintiff was objectively unreasonable.

37. The defendant officers did not have an objective and/or reasonable basis to use *any* degree of force against plaintiff, since plaintiff was not breaking any laws, and was unarmed, compliant, did not resist, and cooperated fully with the defendant officers.

38. Defendant officers' use of force against plaintiff was objectively unreasonable, including, but not limited to: their surprise takedown maneuver used against plaintiff, the body slam of plaintiff onto the hard concrete, the repeated blows the defendant officers dealt to plaintiff's face, head, and body, and the application of handcuffs over-tightly to plaintiff's wrists by closing and locking them into a position that unnecessarily constricted the circulation to the hands and that was well in excess of that level of force needed to effectively restrain a person.

39. Accordingly, defendant police officers are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

41. On the above incident date, defendants officers Alikhan, Cronemeyer, Gigante & Jacobs falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

42. Accordingly, defendant officers are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. On the above described incident date, those defendant police officers, including defendant Szurnicki, who did not have direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights, but failed to intervene, all also liable to plaintiff.

45. Accordingly, Defendant Szurnicki is liable to plaintiff for failing to intervene to prevent the violation of plaintiff's Constitutional rights under 42 U.S.C. § 1983; and the First, Fourth, Fifth and Fourteenth Amendments.

### FOURTH CLAIM
### (MALICIOUS ABUSE OF PROCESS UNDER FEDERAL LAW)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. On the above incident date, defendant police officers Alikhan, Cronemeyer, Gigante & Jacobs initiated a criminal action against plaintiff on false pretenses, and made false statements, sworn and unsworn, to substantiate the baseless arrest of plaintiff.

48. Such conduct by defendant officers was willful, intentional and malicious, and was done to penalize and malign plaintiff in an attempt to justify defendants' unreasonable use of force against plaintiff.

49.     Accordingly, defendants police officers are liable to plaintiff for malicious abuse of process under 42 U.S.C. § 1983; and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM
## (FABRICATION OF EVIDENCE UNDER FEDERAL LAW)

50.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.     Defendant police officers are liable to plaintiff because they intentionally conspired to fabricate and/or falsify evidence against plaintiff, thereby depriving plaintiff of liberty without due process of law.

52.     Furthermore, defendant officers violated the law by making false statements by drafting and/or signing sworn supporting depositions and false police reports.

53.     Furthermore, the defendant officers' actions violated the law by, while performing the function of investigators, fabricating evidence in an attempt to mount and sustain a prosecution and an unjust conviction against plaintiff.

54.     Defendant officers were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence in a prosecution to obtain a conviction act unconstitutionally and that such conduct is redressable in an action for damages under 42 U.S.C. § 1983.

55.     Defendant officers are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and/or supporting deposition, by omitting and/or manipulating evidence, fabricating evidence, suppressing and concealing exculpatory material and evidence, and

forwarding and presenting false information to a prosecutor and/or a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

56. Accordingly, defendant police officers are liable to plaintiff for fabrication of evidence pursuant to 42 U.S.C. § 1983; and the Fifth and Sixth Amendments to the United States Constitution.

## SIXTH CLAIM
### (RETALIATORY ARREST UNDER FEDERAL LAW)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. Defendant police officers initiated the conduct complained of by plaintiff in response to his exercise of his First Amendment rights.

59. Defendants had no basis in probable cause to arrest plaintiff, but rather, were motivated by the desire to punish plaintiff for speaking to them.

60. Accordingly, defendants police officers are liable to plaintiff for retaliatory arrest under 42 U.S.C. § 1983; and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

**WHISEFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a Jury at trial;

  b. Punitive damages in an amount to be determined by a Jury at trial;

  c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         August 25, 2016

*[signature: Kenneth F. Smith]*

Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, New York 11241
(646) 450-9929
*Attorney for Plaintiff*